Electronically Filed - Jackson - Independence - January 12, 2021 - 01:12 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

BETTY JUNE RALSTON,                                )
    660 N Spring Street, Apt. 711              )
    Independence, MO 64050                    )
                             )
               Plaintiff,                        )
                             )
v.                                                 )        Case No.
                             )
QUIKTRIP CORPORATION.,                             )        Division
    Serve Registered Agent:                   )
    CT Corporation System                     )
    120 South Central Avenue                  )
    Clayton, MO 63105                         )
                             )
              Defendant.                         )

## **PETITION FOR DAMAGES**

Plaintiff Betty June Ralston, by and through the undersigned counsel, and for her claims for relief against Defendant QuikTrip Corporation, states, alleges and avers as follows:

### PARTIES

1.    At all relevant times, Plaintiff Betty June Ralston was and is an individual and resident of Independence, Jackson County, Missouri.

2.    At all relevant times, Defendant QuikTrip Corporation was and is a foreign corporation registered to do business in the State of Missouri. Defendant QuikTrip Corporation may be served via their registered agent CT Corporation System at 120 South Central Avenue, Clayton, MO 63105.

3.    This Court has personal jurisdiction over Defendant in this matter pursuant to Section 506.500 of the Missouri Revised Statutes.

4.    This Court has subject matter jurisdiction in this matter.

5.    Venue is proper.

Exhibit A

<u>FACTS COMMON TO ALL COUNTS</u>

6.     At all relevant times herein, Defendant was the owner and/or possessor of the property located at 201 East 23rd Street S, Independence, MO 64055 (the "Premises").

7.     On January 9, 2020, Plaintiff was a business invitee at the Premises, when she tripped over a garden hose that was stretched across the parking lot of the Premises (hereinafter the "Incident").

8.     The acts and omissions of Defendant were carried out by its agent, servants and employees, acting within the course and scope of their employment with Defendant.

## <u>COUNT I – NEGLIGENCE</u>

9.     Plaintiff hereby incorporates by reference all preceding allegations of the Petition for Damages as if full set forth herein.

10.     At all relevant times herein, Defendant was the owner of the Premises and/or maintained possession, control and/or maintenance of the Premises where the Incident occurred.

11.     Defendant owed a duty to exercise ordinary care to ensure that the Premises were in a reasonably safe and suitable condition for invitees, including Plaintiff.

12.     At the time of the Incident, the area where the Incident occurred constituted a dangerous condition in that a garden hose was stretched across the parking lot.

13.     Defendant knew or should have known through the exercise of ordinary care that the condition of the Premises at the date and time of the Incident was unreasonably dangerous.

14.     Alternatively, Defendant negligently created the dangerous condition or so caused it to be created by negligently maintaining the Premises, such that Defendant had actual notice of said dangerous condition.

Exhibit A

15.     Defendant breached its duty to Plaintiff when it failed to keep the Premises in a condition that was reasonably safe for Plaintiff and other invitees, and further by failing to remedy or warn Plaintiff of said dangerous condition.

16.     As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff was injured and has suffered and will continue to suffer damages including, but not limited to, those arising from:

       a.     Past medical and hospital expenses;

       b.     Future medical, hospital and life care expenses;

       c.     Past lost wages;

       d.     Diminished earning capacity;

       e.     Past and future emotional distress;

       f.      Pain and suffering;

       g.     Mental anguish;

       h.     Disfigurement; and

       i.      Past and future loss of enjoyment of life.

17.     All of Plaintiff's injuries, disabilities, infirmities and damages are permanent, painful, and progressive in nature and extent.

WHEREFORE, based on the foregoing, Plaintiff prays for a judgment against Defendant in excess of $25,000, Plaintiff's costs incurred herein and for such other and further relief as the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury on all counts and claims in this cause of action.

3

Exhibit A

Respectfully submitted,

**DIPASQUALE MOORE, LLC**

/s/ Blaine E. Dickeson

Blaine E. Dickeson                    #57938
4050 Pennsylvania Ave., Suite 121
Kansas City, MO 64111
Phone: (816) 888-7501
Fax:    (816) 888-7519
E-mail: blaine.dickeson@dmlawusa.com
**ATTORNEYS FOR PLAINTIFF**

Exhibit A

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

**BETTY JUNE RALSTON,**

           **PLAINTIFF(S),**                **CASE NO. 2116-CV00740**

**VS.**                                           **DIVISION 12**

**QUIKTRIP CORPORATION,**

           **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION
_____

       NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JENNIFER PHILLIPS** on **03-MAY-2021** in **DIVISION 12** at **10:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

       A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

       At the Case Management Conference, counsel should be prepared to address at least the following:

     a.      A trial setting;

     b.      Expert Witness Disclosure Cutoff Date;

     c.      A schedule for the orderly preparation of the case for trial;

     d.      Any issues which require input or action by the Court;

     e.      The status of settlement negotiations.

Exhibit A

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ JENNIFER PHILLIPS
JENNIFER PHILLIPS, **Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
BLAINE EDWARD DICKESON, 4050 PENNSYLVANIA AVE, SUITE 121, KANSAS CITY, MO 64111

Defendant(s):
QUIKTRIP CORPORATION

Dated: 12-JAN-2021                                MARY A. MARQUEZ
                                                 Court Administrator

Exhibit A

Electronically Filed - Jackson - Independence - January 12, 2021 - 01:12 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

BETTY JUNE RALSTON,              )
                                )
                    Plaintiff,  )
                                )
v.                              )        Case No.
                                )
QUIKTRIP CORPORATION.,          )        Division
        Serve Registered Agent: )
        CT Corporation System   )
        120 South Central Avenue )
        Clayton, MO 63105        )
                                )
                    Defendant.  )

### MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff by and through counsel, and pursuant to Local Rule 4.9 of Jackson

County Court Rules, hereby moves for the appointment KC Progressive:

| | | | | | |
|---|---|---|---|---|---|
| Joseph M Powers | PPS21-0014 | Samuel Simpson | PPS21-0020 | Michael Imber | PPS21-0470 |
| Katherine Barnes | PPS21-0001 | John Laylin | PPS21-0011 | Angela Molt | PPS21-0462 |
| Michael V. Russell | PPS21-0019 | Brent Kirkhart | PPS21-0051 | Mark Rauss | PPS21-0075 |
| Jessica Coffel | PPS21-0004 | Janice Kirkhart | PPS21-0052 | Tawanda Johnson | PPS21-0048 |

as private process servers in the above-captioned matter.  In support of said motion, Plaintiff states

that the above-named individuals are on the Court's list of approved process servers and the

information contained in their applications and affidavits on file is current and still correct.

Respectfully submitted,

**DIPASQUALE MOORE, LLC**

/s/ Blaine E. Dickeson
Blaine E. Dickeson              #57938
4050 Pennsylvania Ave., Suite 121
Kansas City, MO 64111
Phone: (816) 888-7501
Fax:    (816) 888-7519
E-mail: blaine.dickeson@dmlawusa.com
**ATTORNEYS FOR PLAINTIFF**

**ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER**

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is sustained and the above-named individuals are hereby appointed to serve process in the above captioned matter.

DATE: _____

_____
Judge or Circuit Clerk

Electronically Filed - Jackson - Independence - January 12, 2021 - 01:12 PM

Exhibit A

Electronically Filed - Jackson - Independence - January 12, 2021 - 01:12 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | | |
|---|---|---|
| BETTY JUNE RALSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| QUIKTRIP CORPORATION., | ) | Division |
| Serve Registered Agent: | ) | |
| CT Corporation System | ) | |
| 120 South Central Avenue | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S DESIGNATION OF LEAD COUNSEL**

Pursuant to Local Rule 3.5, Plaintiff hereby designates Blaine E. Dickeson of the law firm of

DiPasquale Moore, LLC as the lead attorney of record for Plaintiff.

Respectfully submitted,

**DIPASQUALE MOORE, LLC**

/s/ Blaine E. Dickeson
Blaine E. Dickeson                    #57938
4050 Pennsylvania Ave., Suite 121
Kansas City, MO 64111
Phone: (816) 888-7501
Fax:    (816) 888-7519
E-mail: blaine.dickeson@dmlawusa.com
**ATTORNEYS FOR PLAINTIFF**

Electronically Filed - Jackson - Independence - January 12, 2021 - 01:12 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | | |
|---|---|---|
| BETTY JUNE RALSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| QUIKTRIP CORPORATION., | ) | Division |
| Serve Registered Agent: | ) | |
| CT Corporation System | ) | |
| 120 South Central Avenue | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| Defendant. | ) | |

### **MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER**

COMES NOW Plaintiff by and through counsel, and pursuant to Local Rule 4.9 of Jackson

County Court Rules, hereby moves for the appointment KC Progressive:

| Joseph M Powers | PPS21-0014 | Samuel Simpson | PPS21-0020 | Michael Imber | PPS21-0470 |
|---|---|---|---|---|---|
| Katherine Barnes | PPS21-0001 | John Laylin | PPS21-0011 | Angela Molt | PPS21-0462 |
| Michael V. Russell | PPS21-0019 | Brent Kirkhart | PPS21-0051 | Mark Rauss | PPS21-0075 |
| Jessica Coffel | PPS21-0004 | Janice Kirkhart | PPS21-0052 | Tawanda Johnson | PPS21-0048 |

as private process servers in the above-captioned matter. In support of said motion, Plaintiff states

that the above-named individuals are on the Court's list of approved process servers and the

information contained in their applications and affidavits on file is current and still correct.

Respectfully submitted,

**DIPASQUALE MOORE, LLC**

/s/ Blaine E. Dickeson
Blaine E. Dickeson                    #57938
4050 Pennsylvania Ave., Suite 121
Kansas City, MO 64111
Phone: (816) 888-7501
Fax:    (816) 888-7519
E-mail: blaine.dickeson@dmlawusa.com
**ATTORNEYS FOR PLAINTIFF**

Electronically Filed - Jackson - Independence - January 12, 2021 - 01:12 PM

## ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is sustained and the above-named individuals are hereby appointed to serve process in the above captioned matter.

DATE: ___12-Jan-2021_____

_Teresa Morales_

DEPUTY COURT ADMINISTRATOR

Exhibit A



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JENNIFER PHILLIPS | Case Number: 2116-CV00740 |
|---|---|
| Plaintiff/Petitioner:<br>BETTY JUNE RALSTON | Plaintiff's/Petitioner's Attorney/Address<br>BLAINE EDWARD DICKESON<br>4050 PENNSYLVANIA AVE<br>SUITE 121<br>KANSAS CITY, MO 64111 |
| vs. | |
| Defendant/Respondent:<br>QUIKTRIP CORPORATION | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** QUIKTRIP CORPORATION<br>Alias:<br><br>RA: CT CORPORATION<br>120 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | **PRIVATE PROCESS SERVER** |

*COURT SEAL OF*



*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

12-JAN-2021
Date _____ Clerk

Further Information: _____

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____ .

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
                                              Date                                  Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 21-SMCC-232** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:21-cv-00198-HFS   Document 1-1   Filed 03/26/21   Page 12 of 25

Exhibit A

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County

Exhibit A

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

**BETTY JUNE RALSTON**,

       Plaintiff(s),

vs.

       **Case No.: 2116-CV00740**

**QUIKTRIP CORPORATION**,

       **AFFIDAVIT OF SERVICE**

       Defendant(s).

---

Court Date:    Court Time:
**QUIKTRIP CORPORATION**

I, **Tawanda Johnson**, depose and say that:

On **01/22/2021** at **12:05 PM**, I served the within **SUMMONS IN CIVIL CASE;PETITION FOR DAMAGES;NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE AND ORDER FOR MEDIATION;MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER** on **QUIKTRIP CORPORATION** at **120 SOUTH CENTRAL AVENUE RA: CT CORPORATION, CLAYTON, MO, 63105** in the manner indicated below:

**CORPORATE SERVICE** By delivering a true copy of this process with the date and hour of service endorsed thereon by me, a copy of the complaint, petition, or other initial pleading or paper (if any) to Bonnie Love, INTAKE SPECIALIST of the above named entity and informing him/her of the contents.

Signed and sworn to before me on
this ___ day of _____, 20_21_.

_____

X_____
**Tawanda Johnson**
License(s): PPS21-0048

Mark Rauss
Notary Public-Notary Seal
STATE OF MISSOURI
Commissioned for St Louis City County
My Commission Expires: 04/01/2021
ID. #13466353

## ID# 21-SMCC-232

*74804*

Exhibit A



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JENNIFER PHILLIPS | Case Number: 2116-CV00740 |
| Plaintiff/Petitioner:<br>BETTY JUNE RALSTON | Plaintiff's/Petitioner's Attorney/Address<br>BLAINE EDWARD DICKESON<br>4050 PENNSYLVANIA AVE<br>SUITE 121<br>KANSAS CITY, MO 64111 |
| vs. | |
| Defendant/Respondent:<br>QUIKTRIP CORPORATION | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Pers Injury-Other | INDEPENDENCE, MO 64050 |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **QUIKTRIP CORPORATION**
**Alias:**

RA: CT CORPORATION
120 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105

## PRIVATE PROCESS SERVER

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*CIRCUIT COURT OF MISSOURI*

*JACKSON COUNTY*

<u>12-JAN-2021</u>
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____         _____
                                                    Date                                      Notary Public

### Sheriff's Fees

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | **$_____** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 21-SMCC-232**   1  of  1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,<br>54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - Jackson - Independence - January 25, 2021 - 09:56 AM

Exhibit A

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

**BETTY JUNE RALSTON**,                )
                                        )
                    Plaintiff,          )
                                        )    Case No.    2116-CV00740
vs.                                     )
                                        )
**QUIKTRIP CORPORATION,**               )
                                        )
                    Defendant.          )
                                        )

**DEFENDANT QUIKTRIP CORPORATION'S ANSWER &
AFFIRMATIVE DEFENSES**

Defendant QuikTrip Corporation ("QT"), by and through counsel, submits the following

Answer to Plaintiff's Petition for Damages:

PARTIES

1.      QT lacks sufficient information or knowledge to admit or deny the allegations in

paragraph 1 and therefore denies the same.

2.      In response to paragraph 2, QT admits it is an Oklahoma corporation that is

authorized to conduct business in Missouri and that it may be served through its registered agent.

3.      The allegations in paragraph 3 contain legal conclusions to which a response is

not required.  To the extent a response is deemed required,  QT lacks  sufficient  information  or

knowledge to admit or deny the allegations and therefore denies the same.

4.      The allegations in paragraph 4 contain legal conclusions to which a response is

not required.  To the extent a response is deemed required,  QT lacks  sufficient  information  or

knowledge to admit or deny the allegations and therefore denies the same.

Exhibit A

5. The allegations in paragraph 5 contain legal conclusions to which a response is not required. To the extent a response is deemed required, QT lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

<u>FACTS COMMON TO ALL COUNTS</u>

6. QT admits it operated Store #155 located at 201 E. 23rd Street, Independence, Missouri on January 9, 2020. QT denies the remaining allegations in paragraph 6.

7. The allegations in paragraph 7 contain legal conclusions to which a response is not required. To the extent a response is deemed required, QT lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

8. The allegations in paragraph 8 contain legal conclusions to which a response is not required. QT denies liability for Plaintiff's alleged incident and damages.

**<u>COUNT I – NEGLIGENCE</u>**

9. QT incorporates its answer to paragraphs 1 through 8 as if fully set forth herein in response to paragraph 9.

10. QT admits it operated Store #155 located at 201 E. 23rd Street, Independence, Missouri on January 9, 2020. QT denies it owned Store #155 on January 9, 2020. The remaining allegations in paragraph 10 contain legal conclusions to which a response is not required. To the extent a response is deemed required, QT lacks sufficient information or knowledge to admit or deny the allegations and therefore denies the same.

11. The allegations in paragraph 11 contain legal conclusions to which a response is not required. To the extent a response is deemed required, QT admits only the duties imposed on it by law and denies it breached those duties.

12. QT denies the allegations in paragraph 12.

Exhibit A

13.     QT denies the allegations in paragraph 13.

14.     QT denies the allegations in paragraph 14.

15.     QT denies the allegations in paragraph 15.

16.     QT denies the allegations in paragraph 16, including subparts (a) through (i).

17.     QT lacks sufficient information or knowledge to admit or deny the allegations in paragraph 17.  QT denies liability for the damages and injuries alleged in paragraph 17.

WHEREFORE, QT prays that Plaintiff take nothing by way of her Petition for Damages, for its costs expended and incurred herein, and for such further relief as the Court deems just and proper.

### Jury Trial Demand

Defendant QT demands a trial by jury on all issues so triable.

### Affirmative and Additional Defenses

1.     QT denies each and every allegation not specifically admitted herein.

2.     Plaintiff's Petition for Damages fails to state a claim against QT upon which relief can be granted.

3.     If Plaintiff was injured or damaged, which QT denies, to the extent allegations of fault remain as to QT, the fault of Plaintiff and/or other persons or entities involved in the occurrence should be compared and/or apportioned so as to diminish or preclude recovery from QT.

4.     Any injuries or damages sustained by Plaintiff, which QT denies, were directly and/or proximately caused or contributed to by Plaintiff's negligence or fault, including failing to keep a lookout, failing to watch where Plaintiff was walking, failing to observe, appreciate, and/or take caution in response to the premise's conditions.

Exhibit A

Electronically Filed - Jackson - Independence - February 16, 2021 - 08:19 AM

5.     Plaintiff failed to use ordinary care while present at QT at or near the time of the alleged occurrence and such failure directly caused or contributed to any and/or all of Plaintiff's alleged damages.

6.     Plaintiff failed to keep a careful lookout and such failure caused or contributed to any and/or all of Plaintiff's alleged damages.

7.     Any injuries or damages sustained by Plaintiff, which QT denies, were directly and/or proximately caused or contributed to by the negligence or fault of other persons or entities not within QT's control.

8.     Any injuries or damages sustained by Plaintiff, which QT denies, were not caused or contributed to in any degree by any negligence, fault or wrongdoing on the part of QT or any QT employees.

9.     QT contests the nature and extent of Plaintiff's alleged damages.

10.     If Plaintiff suffered any damage, which QT denies, such damages and any recovery should be reduced pursuant to Mo. Rev. Stat. § 490.715.

11.     QT is entitled to credit in the amount of any settlement Plaintiff receives from any tortfeasor, as such credit constitutes a satisfaction and offset pursuant to Mo. Rev. Stat. § 537.060.

12.     If Plaintiff suffered any damages, which QT denies, Plaintiff failed to comply with the procedures in Mo. Rev. Stat. § 408.040 and is not entitled to prejudgment interest.

13.     If Plaintiff suffered any damages, which QT denies, the alleged defect or hazard was open and obvious and Plaintiff's failure to recognize it directly caused and/or contributed to her alleged damages.

Exhibit A

14.     If Plaintiff suffered any damages, which QT denies, the alleged defect was open and obvious, Plaintiff knew the alleged defect or hazard was present, and Plaintiff assumed any and all risk in going near, on and/or through the alleged defect or hazard.

15.     Plaintiff failed to mitigate her damages.

16.     QT reserves the right to raise additional affirmative defenses as may be learned through discovery.

WHEREFORE having fully answered Plaintiff's Petition for Damages, QT prays for judgment in its favor and for its costs and reasonable attorney's fees and whatever further relief the Court deems just and proper under the circumstances.


ARMSTRONG TEASDALE LLP


By:     */s/ Brian M. Nye*
      Karrie J. Clinkinbeard          #51413
      Brian M. Nye                      #69545
      2345 Grand Boulevard, Suite 1500
      Kansas City, Missouri 64108-2617
      816.221.3420
      816.221.0786 (Facsimile)
      kclinkinbeard@atllp.com
      bnye@atllp.com

      ATTORNEYS FOR DEFENDANT
      QUIKTRIP CORPORATION


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 16, 2021, a true and accurate copy of the above and foregoing was e-filed with the Court which sent notification to all parties entitled to service.


      */s/ Brian M. Nye*
      ATTORNEY FOR DEFENDANT QUIKTRIP
      CORPORATION

Exhibit A

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

BETTY JUNE RALSTON,            )
                              )
                Plaintiff,     )     Case No.    2116-CV00740
                              )
vs.                           )
                              )
QUIKTRIP CORPORATION,         )
                              )
                Defendant.     )

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that ***Defendant QuikTrip Corporation's First Set of Interrogatories to Plaintiff*** and ***Defendant QuikTrip Corporation's First Requests for Production to Plaintiff*** were served, along with this Certificate of Service, via electronic mail (Microsoft Word and PDF Formats) on Wednesday, February 17, 2021, to:

Blaine E. Dickeson
Dipasquale Moore, LC
4050 Pennsylvania Ave., Suite 121
Kansas City, MO  64111
816.888.7501  /  FAX  816.888.7519
Blaine.dickeson@dmlawusa.com
*Counsel for Plaintiff*

ARMSTRONG TEASDALE LLP

By:  */s/ Brian M. Nye*
Karrie J. Clinkinbeard        #51413
Brian M. Nye                  #69545
Skyler D. Davenport           #70017
2345 Grand Boulevard, Suite 1500
Kansas City, Missouri 64108-2617
816.221.3420
816.221.0786 (Facsimile)
kclinkinbeard@atllp.com
bnye@atllp.com
sdavenport@atllp.com

ATTORNEYS FOR DEFENDANT
QUIKTRIP CORPORATION

Exhibit A

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

**BETTY JUNE RALSTON**,       )
                         )
        Plaintiff,       )    Case No.    2116-CV00740
                         )
vs.                      )
                         )
**QUIKTRIP CORPORATION,**    )
                         )
        Defendant.   )

## ENTRY OF APPEARANCE

COMES NOW, Brian M. Nye of the law firm of ARMSTRONG TEASDALE LLP, and enters

his appearance on behalf of Defendant QuikTrip Corporation in the above-captioned case.

ARMSTRONG TEASDALE LLP


By:  */s/ Brian M. Nye*
     Karrie J. Clinkinbeard    #51413
     Brian M. Nye          #69545
     Skyler D. Davenport     #70017
     2345 Grand Boulevard, Suite 1500
     Kansas City, Missouri 64108-2617
     816.221.3420
     816.221.0786 (Facsimile)
     kclinkinbeard@atllp.com
     bnye@atllp.com
     sdavenport@atllp.com

     ATTORNEYS FOR DEFENDANT
     QUIKTRIP CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 17, 2021, a true and accurate copy of the above and foregoing was e-filed with the Court which sent notification to all parties entitled to service.


     */s/ Brian M. Nye*
     ATTORNEY FOR DEFENDANT QUIKTRIP
     CORPORATION

Exhibit A

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | | |
|---|---|---|
| **BETTY JUNE RALSTON**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.    2116-CV00740 |
| | ) | |
| vs. | ) | |
| | ) | |
| **QUIKTRIP CORPORATION,** | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY OF APPEARANCE

COMES NOW, Karrie J. Clinkinbeard of the law firm of ARMSTRONG TEASDALE LLP,

and enters her appearance on behalf of Defendant QuikTrip Corporation in the above-captioned

case.

ARMSTRONG TEASDALE LLP

By:  */s/ Karrie J. Clinkinbeard*
      Karrie J. Clinkinbeard          #51413
      Brian M. Nye                    #69545
      Skyler D. Davenport             #70017
      2345 Grand Boulevard, Suite 1500
      Kansas City, Missouri 64108-2617
      816.221.3420
      816.221.0786 (Facsimile)
      kclinkinbeard@atllp.com
      bnye@atllp.com
      sdavenport@atllp.com

ATTORNEYS FOR DEFENDANT
QUIKTRIP CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 17, 2021, a true and accurate copy of
the above and foregoing was e-filed with the Court which sent notification to all parties entitled
to service.

*/s/ Karrie J. Clinkinbeard*
ATTORNEY FOR DEFENDANT QUIKTRIP
CORPORATION

Exhibit A

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

BETTY JUNE RALSTON,                    )
                                       )
              Plaintiff,               )        Case No.    2116-CV00740
                                       )
vs.                                    )
                                       )
QUIKTRIP CORPORATION,                  )
                                       )
              Defendant.               )

## ENTRY OF APPEARANCE

COMES NOW, Skyler D. Davenport of the law firm of ARMSTRONG TEASDALE LLP, and

enters his appearance on behalf of Defendant QuikTrip Corporation in the above-captioned case.

ARMSTRONG TEASDALE LLP


By: */s/ Skyler D. Davenport*
     Karrie J. Clinkinbeard        #51413
     Brian M. Nye                  #69545
     Skyler D. Davenport           #70017
     2345 Grand Boulevard, Suite 1500
     Kansas City, Missouri 64108-2617
     816.221.3420
     816.221.0786 (Facsimile)
     kclinkinbeard@atllp.com
     bnye@atllp.com
     sdavenport@atllp.com

ATTORNEYS FOR DEFENDANT
QUIKTRIP CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 17, 2021, a true and accurate copy of
the above and foregoing was e-filed with the Court which sent notification to all parties entitled
to service.


*/s/ Skyler D. Davenport*
ATTORNEY FOR DEFENDANT QUIKTRIP
CORPORATION

Exhibit A

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | |
|---|---|
| **BETTY JUNE RALSTON**, | ) |
| | ) |
| Plaintiff, | )    Case No.    2116-CV00740 |
| | ) |
| vs. | ) |
| | ) |
| **QUIKTRIP CORPORATION,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that Plaintiff's Answers to Defendant's First Interrogatories and Plaintiff's

Responses to Defendant's First Request for Production of Documents as well as a copy of this

Certificate of Service, were transmitted by electronic mail this 19th day of March 2021, to:

Brian M. Nye
Karrie J. Clinkinbeard
ARMSTRONG TEASDALE LLP
2345 Grand Boulevard, Suite 1500
Kansas City, MO 64108
Phone: (816) 221-3420
Fax: (816) 221-0786
Email: bnye@atllp.com
       kclinkinbeard@atllp.com
**ATTORNEYS FOR DEFENDANT**

Respectfully submitted,

DIPASQUALE MOORE, LLC

/s/ Blaine E. Dickeson
BLAINE E. DICKESON         #57938
4050 Pennsylvania Ave., Suite 121
Kansas City, MO 64111
Phone: (816) 888-7501/Fax: (816) 888-7519
E-mail: blaine.dickeson@dmlawusa.com
**ATTORNEYS FOR PLAINTIFF**

Exhibit A